UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN BRENNAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN TRANSIT AUTHORITY, LONG ISLAND RAILROAD, METRO-NORTH RAILROAD, STATEN ISLAND RAILWAY, MTA CONSTRUCTION AND DEVELOPMENT, MTA REGIONAL BUS OPERATIONS, MTA BRIDGES AND TUNNELS, and NEW YORK CITY TRANSIT AUTHORITY,<br><br>Defendants. | Civil Action No. 3:22-cv-746<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>Jury Trial Demanded<br><br>June 3, 2022 |

Plaintiff John Brennan ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover unpaid compensation and compensatory damages stemming from underpayments and late payments by the Metropolitan Transit Authority and its subsidiaries – Long Island Railroad, Metro-North Railroad, Staten Island Railway, MTA Construction and Development, MTA Regional Bus Operations, MTA Bridges and Tunnels, and New York City Transit Authority (collectively, "MTA" or "Defendants") – to their employees.

2. Plaintiff John Brennan brings this action to recover unpaid overtime wages and liquidated damages for unpaid and untimely payment of wages for himself and similarly situated

MTA employees as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA").

3. Plaintiff also brings this action to recover liquidated damages and interest for himself and similarly situated MTA employees as a Fed. R. Civ. P. 23 class action under § 31-71b(a)(1) of the Connecticut General Statutes (the "Connecticut Wage Laws").

4. MTA is the largest public transit authority in the country and employs more than 60,000 people in New York and Connecticut.

5. MTA uses the third-party timekeeping and payroll service Kronos. In December 2021, Kronos notified its customers, including MTA, that it had been the victim of a ransomware attack and related outage, affecting all employers that use the service (the "Kronos Outage").

6. During the Kronos Outage, MTA continued to record its employees' time. Despite this, MTA told employees that, while it would continue to pay them some of their wages, it would not make other kinds of premium payments, including double time, shift differential, and meal allowance wages required by the collective bargaining agreements that apply to MTA employees.

7. Although MTA attempted to continue overtime payments for some employees, it did not design effective or workable processes to record overtime hours and payments owed, leading to failures to pay overtime in whole or in part.

8. In early April 2022, four months after the Kronos Outage began, MTA began making back payments of unpaid compensation. These payments have been incomplete. To date, MTA employees have not received all overtime payments owed to them. And MTA has failed to pay interest or any other form of compensation for the four-month delay in pay.

9. MTA's failure to pay all overtime wages owed to its employees violates the FLSA and its interpreting regulations, which require that "overtime compensation earned in a particular workweek must be paid on the regular pay day for the period in which such workweek ends." 29 C.F.R. § 778.106. Connecticut law also requires timely payment of all wages due. Conn. Gen. Stat. § 31-71b.

10. MTA, which was tracking employee time throughout the Kronos Outage, willfully violated the FLSA through the above practices. MTA failed to make adequate good-faith efforts to comply with the law's requirements both before and during the period of the Kronos Outage.

## THE PARTIES

*Plaintiff*

11. At all relevant times, Plaintiff John Brennan was a nonexempt MTA employee entitled to receive overtime pay for hours worked in excess of 40 hours per workweek.

12. Plaintiff has been employed by Metro-North Railroad as a machinist since 2006. During the Kronos Outage, he was not paid all wages he was due for his work for MTA, including wages for overtime hours over 40 in a given workweek.

13. For example, during the week of January 19, 2022, Plaintiff worked substantial overtime for MTA. He was not paid overtime wages for all overtime hours that he worked that week.

14. Moreover, during that same week, Plaintiff was entitled to various supplemental wage payments under the terms of his union's collective bargaining agreement with MTA. Plaintiff was not paid these supplements in the week after they were earned, nor in the week following; instead, he was paid months afterward.

*Defendant MTA*

15. The Metropolitan Transit Authority is a public benefit corporation chartered by the New York State Legislature under the Metropolitan Transportation Authority Act, N.Y. Pub. Auth. Law § 1260 *et seq.*

16. The Metropolitan Transit Authority carries out its operations through its subsidiaries, Defendants Long Island Railroad, Metro-North Railroad, Staten Island Railway, MTA Construction and Development, MTA Regional Bus Operations, MTA Bridges and Tunnels, and New York City Transit Authority.

   a. Long Island Railroad operates a commuter rail system running from Manhattan to the eastern tip of Suffolk County on Long Island, New York. It is a wholly-owned subsidiary of Metropolitan Transit Authority.

   b. Metro-North Railroad operates a commuter rail system running between Manhattan and northern New York City suburbs in New York and Connecticut. It is a wholly-owned subsidiary of Metropolitan Transit Authority.

   c. Staten Island Railway operates a rapid transit line in Staten Island, New York. It is a wholly-owned subsidiary of Metropolitan Transit Authority.

   d. MTA Construction and Development is responsible for managing construction and development of the major transportation capital projects in the New York City metropolitan area. It is a wholly-owned subsidiary of Metropolitan Transit Authority.

   e. MTA Regional Bus Operations operates surface transit in New York City. It is a wholly-owned subsidiary of Metropolitan Transit Authority.

    f.  MTA Bridges and Tunnels operates toll bridges and tunnels in the New York City metropolitan area. It is a wholly-owned subsidiary of Metropolitan Transit Authority.

    g.  New York City Transit Authority operates public transportation, including subways and bus services, in New York City. It is a wholly-owned subsidiary of Metropolitan Transit Authority.

17. The MTA Defendants jointly employed Plaintiff and the members of the class he seeks to represent, and/or operated as a single integrated enterprise in employing Plaintiff and prospective class members.

18. All MTA Defendants are covered employers within the meaning of the FLSA and Connecticut Wage Laws.

19. At all times relevant, Metropolitan Transit Authority and/or its subsidiaries maintained control, oversight, and direction over Plaintiff and similarly situated employees, including with respect to the compensation, timekeeping, and payroll practices that applied to them.

20. At all times relevant, MTA's annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

22. Plaintiff's state law claims are so closely related to his FLSA claims that they form part of the same case or controversy.

23. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

24. This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100 or more members in the proposed class; (2) at least some members of the proposed class have a different citizenship from Defendants; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

25. Venue is proper in the District of Connecticut, pursuant to 28 U.S.C. § 1391, because Defendants operate in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District. Defendants are subject to personal jurisdiction in Connecticut.

**FLSA KRONOS COLLECTIVE ACTION ALLEGATIONS**

26. Plaintiff brings the First Cause of Action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who work outside of New York State as nonexempt employees of MTA (excluding Staff Analysts and Computer Analysts),[1] who did not receive or were not timely paid overtime wages as a result of the Kronos Outage, and who elect to opt in to this action (the "FLSA Kronos Collective").

27. Defendants are liable under the FLSA for, *inter alia,* failing to promptly pay Plaintiff and other similarly situated employees all overtime wages.

---

[1] *Milerson v. MTA*, 22-cv-0688 (S.D.N.Y.) pleads FLSA claims on behalf of MTA Staff Analysts and Computer Analysts who did not receive overtime wages as a result of the Kronos Outage.

28. All of the work that Plaintiff and the members of the FLSA Kronos Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the members of the FLSA Kronos Collective have performed.

29. As part of their regular business practice, Defendants have intentionally, willfully, and in bad faith engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the members of FLSA Kronos Collective. This policy and pattern or practice includes but is not limited to willfully failing to pay Plaintiff and the members of the FLSA Kronos Collective overtime wages in a timely fashion as required by law.

30. Defendants are aware or should have been aware that federal law required them to pay Plaintiff and members of the FLSA Kronos Collective all overtime payments on time.

31. Defendants have failed to make adequate good-faith efforts to comply with the FLSA, and their unlawful conduct has been widespread, repeated, and consistent.

32. There are many similarly situated current and former MTA nonexempt employees whose wages were unpaid or untimely paid, in violation of the FLSA, who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

33. Similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

34. Notice should be sent to the FLSA Kronos Collective pursuant to 29 U.S.C. § 216(b).

## CONNECTICUT CLASS ACTION ALLEGATIONS

35. Plaintiff brings the Second Cause of Action, a Connecticut Wage Law claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

Nonexempt MTA employees (excluding Staff Analysts and Computer Analysts) who work in Connecticut who did not receive or did not timely receive all wages as a result of the Kronos Outage between December 1, 2021, and the date of final judgment in this matter (the "Connecticut Rule 23 Class").

36. Excluded from the Connecticut Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Connecticut Rule 23 Class.

37. The members of the Connecticut Rule 23 Class are so numerous that joinder of all members is impracticable. Upon information and belief, a substantial majority of MTA's over 60,000 employees were impacted by the Kronos Outage. Although the precise number of such persons is not known to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

38. Upon information and belief, the size of the Connecticut Rule 23 Class is at least 40 individuals.

39. Defendants acted or refused to act on grounds generally applicable to the Connecticut Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Connecticut Rule 23 Class as a whole.

40. Common questions of law and fact exist as to the Connecticut Rule 23 Class that predominate over any questions solely affecting them individually and include, but are not limited to, the following:

    (a)    whether Defendants violated the Connecticut Wage Laws;

    (b)    whether Defendants failed to pay compensation timely, if at all, to the Connecticut Rule 23 Class in violation of and within the meaning of Conn. Gen. Stat. § 31-71b(a)(1);

    (c)    whether Defendants failed to timely pay Plaintiff and the members of the Connecticut Rule 23 Class all wages owed, including double time and meal allowances;

    (d)    whether Defendants' policy of failing to timely pay Plaintiff and the Connecticut Rule 23 Class all wages owed on time, if at all, was done willfully or with reckless disregard of the law;

    (e)    Whether Defendants failed to make adequate good-faith efforts to comply with the law;

    (f)    the nature and extent of class-wide injury and the measure of damages for those injuries.

41.    The claims of the Plaintiff are typical of the claims of the Connecticut Rule 23 Class he seeks to represent.

42.    Plaintiff and all of the Connecticut Rule 23 Class Members work, or have worked, for Defendants as employees.

43.    Plaintiff and the Connecticut Rule 23 Class Members enjoy the same statutory rights under the Connecticut Wage Laws, including to be timely paid all wages for hours worked. Plaintiff and the Connecticut Rule 23 Class Members have all sustained similar types of damages as a result of Defendants' failure to comply with the Connecticut Wage Laws. Plaintiff and the Connecticut Rule 23 Class Members have all been injured in that they have been undercompensated due to Defendants' common policies, practices, and patterns of conduct.

44.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Connecticut Rule 23 Class. Plaintiff understands that, as a class representative, (1) he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately; (2) he must represent and consider the interests of the Connecticut Rule 23 Class just

as he would represent and consider his own interests; (3) in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the Class; (4) that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Connecticut Rule 23 Class; and (5) that in order to provide adequate representation, he must be informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in his possession, and testify at deposition and/or trial.

45. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiff and the Connecticut Rule 23 Class Members.

46. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against an institutional defendant. The members of the Connecticut Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the Connecticut Wage Laws, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Connecticut Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual plaintiffs lack the financial resources to conduct a thorough examination of Defendants' payroll and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

47. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act: Late Payment
**(Brought on behalf of Plaintiff and the FLSA Kronos Collective)**

48. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

49. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Class and Collective Action Complaint.

50. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

51. At all relevant times, Defendants employed Plaintiff and the FLSA Kronos Collective.

52. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

53. At all relevant times, Defendants have been employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

54. At all relevant times, Plaintiff and the FLSA Kronos Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

55. Defendants failed to pay overtime wages on time and in full to Plaintiff and the members of the FLSA Kronos Collective, in violation of the FLSA.

56. Defendants' violations of the FLSA have been willful and intentional. Defendants failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and other similarly situated current and former employees.

57. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

58. As a result of Defendants' willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied prompt payment of overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

59. As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated current and former employees have been denied prompt payment of overtime compensation, in amounts to be determined at trial, and are entitled to liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Connecticut Wage Laws: Late Payment**
**(Brought on Behalf of Plaintiff and the Connecticut Rule 23 Class)**

60. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61. Defendants engaged in a widespread pattern, policy, and practice of violating the Connecticut Wage Laws, as detailed in this Class and Collective Action Complaint.

62. At all times relevant, Plaintiff and the members of the Connecticut Rule 23 Class have been employees and Defendants have been an employer within the meaning of the Connecticut Wage Laws.

63. Plaintiff and the members of the Connecticut Rule 23 Class are covered by Connecticut Wage Laws and accompanying regulations.

64. Defendants employed Plaintiff and the members of the Connecticut Rule 23 Class.

65. Defendants violated Connecticut Wage Laws, in relevant part, by failing to pay Plaintiff and the members of the Connecticut Rule 23 Class all wages they are owed on time and in full, as required by the Connecticut Wage Laws, including § 31-71b of the General Statutes.

66. Defendants' violations of the Connecticut Wage Laws have been willful and intentional. Defendants failed to make a good faith effort to comply with the Connecticut Wage Laws with respect to their compensation of Plaintiff and other similarly situated current and former employees.

67. Due to Defendants' violations of the Connecticut Wage Laws, Plaintiff and the members of the Connecticut Rule 23 Class are entitled to recover from Defendants unpaid wages, liquidated damages (including to compensate for the late payment of wages), reasonable attorneys' fees and costs of the action, penalties, and pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, seeks the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all similarly situated MTA employees (excluding Staff Analysts and Computer Analysts) who presently, or have at any time since December 1, 2021, up through and including the date of this Court's issuance of court-supervised notice, worked for MTA outside of New York State. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they were denied proper wages;

- 14 -

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages and interest pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Liquidated damages and any penalties and other damages as permitted by Connecticut law, including the Connecticut Wage Laws;

D. Certification of the Connecticut Rule 23 Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E. Designation of Plaintiff as Class Representative for the Connecticut Rule 23 Class and counsel of record as Class Counsel;

F. Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful;

G. Pre-judgment interest and post-judgment interest;

H. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

I. A reasonable service award for Plaintiff to compensate him for the time and effort he has spent and will spend protecting the interests of other MTA employees, and the risks he is undertaking;

J. Reasonable attorneys' fees and costs of the action; and

K. Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury in this action.

Dated: June 3, 2022
New Haven, Connecticut

**RESPECTFULLY SUBMITTED,
THE PLAINTIFF**

By: */s/ Joshua R. Goodbaum*
Stephen J. Fitzgerald (*ct22939*)
Joshua R. Goodbaum (*ct28834*)
GARRISON, LEVIN-EPSTEIN,
    FITZGERALD & PIRROTTI, P.C.
405 Orange Street
New Haven, CT 06511
Tel.: (203) 777-4425 / Fax: (203) 776-3965
sfitzgerald@garrisonlaw.com
jgoodbaum@garrisonlaw.com

Michael J. Scimone (*pro hac vice to be filed*)
Rebecca L. Pattiz (*pro hac vice to be filed*)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Tel.: (212) 245-1000 / Fax: (646) 509-2060
mscimone@outtengolden.com
rpattiz@outtengolden.com

Matthew S. Parmet (*pro hac vice to be filed*)
PARMET PC
3 Riverway, Suite 1910
Houston, TX 77056
Tel.: (713) 999-5228 / Fax: (713) 999-1187
matt@parmet.law

*Attorneys for Plaintiff and the Putative
Class and Collective*

**Please enter our appearances on behalf of the Plaintiff.**